**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ENSERVIO, LLC., ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| CRAWFORD & COMPANY ) | **JURY TRIAL DEMANDED** |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Enservio, LLC for its Complaint against Defendant Crawford & Company Corporation, alleges as follows:

### PARTIES

1.      Plaintiff Enservio, LLC ("Enservio" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 1500 Solana Boulevard, Suite 6300, Westlake, Texas 76262.

2.      Defendant Crawford & Company Corporation. ("Crawford" or "Defendant") is a corporation organized and existing under the laws of the State of Georgia, having its principal place of business at 5335 Triangle Parkway, Peachtree Corners, Georgia 30092.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.     This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant conducts business throughout the United States (including, without limitation, in this judicial district), Defendant's infringing products and services complained of herein are offered within this judicial district, Defendant has business offices within this judicial district from which it offers the infringing products and services complained of herein, and Defendant has caused injury to Enservio within this judicial district.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because, upon information and belief, Defendant regularly transacts business within this judicial district, operates an office for New England from within this judicial district, and Defendant's activities cause harm to Enservio in this judicial district. The Lanham Act provides that venue lies in the place of harm to Plaintiff.

## GENERAL ALLEGATIONS

6.     Enservio brings this action to stop Defendant's infringement of Enservio's long-used and well-established ENSERVIO trademarks, which include the trademarks ENSERVIO and ENSERVIO SELECT (collectively, the "ENSERVIO Marks"). Defendant has used and uses the ASSERVIO mark as a trademark for its products and services, which are similar to Enservio's products and services, including in this judicial district. Defendant's use of the ASSERVIO mark, including in this judicial district, has caused and, if allowed to continue, will continue to cause confusion and harm to Enservio.

**Enservio's Business and Trademark Rights**

7.     Enservio is the market leader in property insurance software and services for contents claim management, inventory creation, valuation, and replacement. Enservio has used its ENSERVIO Marks, including in this judicial district, since at least as early as 2004 for its

products and services, including for its software and services for optimizing content claims processing, valuation of tangible property, and outsourced services for the insurance industry. Enservio has spent a substantial amount of time, money, and resources to promote, advertise, and protect its ENSERVIO Marks and has developed extremely valuable goodwill in it.

8.     Founded in 2004, and with its management team based in Canton, Massachusetts, Plaintiff's ENSERVIO products and services blend digital technology with human expertise to provide risk-free solutions for the entire contents claims process by insurers.  By combining one of the insurance industry's most comprehensive contents platforms with world class contents claim services, Plaintiff's ENSERVIO products and services assist insurance carriers to achieve the optimal business outcome for their contents claims processing programs, driving superior policyholder satisfaction and efficient workflow.

9.      Specifically, Plaintiff's ENSERVIO products and services help adjusters and insurance claims professionals solve one of the biggest issues in property insurance – quantifying and valuing what is inside a policyholder's home.  Plaintiff's ENSERVIO products and services simplify and speed the claims settlement process.  With Plaintiff's ENSERVIO products and services, insurers can quickly and accurately settle insurance claims, and effectively manage pending claims, while keeping their policyholders happy.

10.     Plaintiff's ENSERVIO services and software offer a variety of functionalities to achieve the goal of simplifying and speeding up the claims settlement process.  For example, Enservio offers, among others, the following contents claim processing services under its ENSERVIO Marks:

- onsite inventory creation

- forensic valuation of contents that cannot be restored.

3

- tools for appraisal of contents provided by insureds without the need for in-person inspection (i.e., desk appraisals)

- contents valuation services and replacement value

11.     More specifically, Plaintiff's ENSERVIO claims products and services offer multiple ways for insurance adjusters and claims professionals to submit claims and contents assignments through the ENSERVIO platform, from telephone, to live chat, to email, to online form submission.  Once a claim is submitted, Plaintiff's ENSERVIO product/service offers live onsite or telephonic services to inventory the contents of a loss quickly and efficiently, which reduces cycle times for losses by up to 70%.

12.     Plaintiff's ENSERVIO products and services also provide a comprehensive proprietary database, called TRUELKQ®, to value the contents of a loss quickly and accurately. Plaintiff's ENSERVIO services also offer trained expert valuation of various goods, including rare items, as well as provide world class depreciation analysis.

13.     Plaintiff's blending of technology, an easy and intuitive user interface, multi-channel submission options, and expert in-person or remote contents inventory and valuation services has made it a market leader in the property insurance industry.  In fact, 14 of the top 20 property insurance carriers in the United States use ENSERVIO products and services, as well as 4 of the top 5 home insurers listed in 2024 JD Powers Home Insurance Study, are customers of Plaintiff's ENSERVIO products and services.

14.     Plaintiff's ENSERVIO products and services have been lauded in numerous publications, including *BusinessWire*, *Yahoo! Finance*, *Claims Journal*, *Property Casualty 360º*, and *Carrier Management*.

15.     Plaintiff also promotes its ENSERVIO products and services in various channels

of trade, from trade shows, sponsorships, sales teams deployed to sell ENSERVIO products/services to insurance carriers, online, and through Plaintiff's longtime affiliate membership with the Property & Liability Resource Bureau (PLRB), including participation in the PLRB Claims Conference & Insurance Services Expo. Plaintiff further promotes its business on various social media platforms, from Facebook to Instagram to LinkedIn, including by using its ENSERVIO Marks.

16. Plaintiff's ENSERVIO products and services have been extremely commercially successful. In addition to the notoriety discussed above, Plaintiff's ENSERVIO products and services earn tens of millions of dollars annually.

17. Given its commercial success and strong and well-known reputation in the insurance industry, in addition to being highly distinctive, Plaintiff's ENSERVIO Marks have garnered tremendous goodwill and commercial value throughout the United States.

**Enservio's Trademark Rights**

18. Enservio began using its ENSERVIO Marks throughout the United States, including in this judicial district, at least as early as October 2004, long prior to Defendant's adoption and use of its infringing ASSERVIO mark for Defendant's highly similar, to identical, products and services. As such, Enservio also owns common law rights in its ENSERVIO Marks for these products and services.

19. In addition, Enservio owns three federal trademark registrations for its ENSERVIO trademarks and two others for its ENSERVIO SELECT mark. A list of these registrations is attached as **Exhibit A** hereto. The ENSERVIO Marks are registered for the following services:

   a.    Outsourcing services for the insurance industry in International Class 35

5

        b.       Appraisal services for tangible property in International Class 36

        c.       Application Service Provider (ASP) featuring software for performing contents categorization and valuation, and claim processing and management tasks specific to the insurance industry in International Class 42

20.     Enservio owns U.S. Trademark Registration No. 3,540,022 for the ENSERVIO mark for "[a]ppraisal services for tangible property" in International Class 36, which registered on December 2, 2008 with a claimed first use date of August 30, 2005.  **Exhibit B** is a true and correct copy of the registration certificate for U.S. Trademark Registration No. 3,540,022.

21.     Enservio owns U.S. Trademark Registration No. 3,649,504 for the ENSERVIO mark for "[o]utsourcing services for the insurance industry" in International Class 35, which registered on July 7, 2009 with a claimed first use date of October 10, 2004.  Attached hereto as **Exhibit C** is a true and correct copy of the registration certificate for U.S. Trademark Registration No. 3,649,504.

22.     Enservio owns U.S. Trademark Registration No. 3,789,119 for the ENSERVIO mark for "[a]pplication Service Provider (ASP) featuring software for performing contents categorization and valuation, and claim processing and management tasks specific to the insurance industry" in International Class 42, which registered on May 18, 2010 with a claimed first use date of August 30, 2005.  **Exhibit D** is a true and correct copy of the registration certificate for U.S. Trademark Registration No. 3,789,119.

23.     Enservio owns U.S. Trademark Registration No. 3,928,901for the ENSERVIO SELECT mark for "[o]utsourcing services for the insurance industry" in International Class 36, which registered on May 18, 2010, with a claimed first use date of August 30, 2005.  **Exhibit E**

is a true and correct copy of the registration certificate for U.S. Trademark Registration No. 3,928,901.

24.     Enservio owns U.S. Trademark Registration No. 3,928,902 for the ENSERVIO SELECT mark for "[a]pplication Service Provider (ASP) featuring software for performing contents categorization and valuation, and claim processing and management tasks specific to the insurance industry" in International Class 42, which registered on May 18, 2010 with a claimed first use date of August 30, 2005.  **Exhibit F** is a true and correct copy of the registration certificate for U.S. Trademark Registration No. 3,928,902.

25.     Each registration for the ENSERVIO Marks is incontestable under the Lanham Act.

26.     As a result of Enservio's long and continuous use of its ENSERVIO Marks and its common law rights in those marks, and its expenditures, efforts, and accomplishments in the insurance claims submission and valuation, the ENSERVIO Marks have come to signify the high quality of Enservio's products and services. The ENSERVIO Marks have an incalculable reputation and goodwill, belonging exclusively to Enservio.

**Defendant's Business**

27.     Upon information and belief, Defendant is one of the largest independent providers of claims management to the insurance industry.  Defendant provides products and services that allow insurers to adjust claims made by insureds.  Crawford, in describing its own products and services, states that it solves "claims-handling challenges for thousands of businesses around the world."  Defendant maintains and conducts business through an office located within this judicial district, in Edham, Massachusetts.  Upon information and belief, Defendant, markets, offers, and sells its ASSERVIO products and services in this judicial district

7

and targets consumers within this judicial district and throughout New England from its office located in this judicial district.

28.     Like Enservio, Defendant offers multi-channel options for submitting insurance claims.  In addition, Defendant offers a technological software solution and related services to allow for quicker claims handling and more accurate estimates for handling property claims, but under the mark ASSERVIO (the "ASSERVIO mark" or the "Infringing Mark").

29.     Upon information and belief, Defendant began offering its claims adjusting software under the ASSERVIO mark in or around 2021, more than fifteen years after Plaintiff's first adoption of its ENSERVIO Marks.

30.     The language that Defendant uses to describe its ASSERVIO claims adjusting technology is highly similar to the way Plaintiff describes its ENSERVIO technology.  For example, Plaintiff states that with its ENSERVIO products and services "you can settle claims quickly and accurately, effectively managing your claims pending and keeping your policyholders happy."

31.     Defendant describes its ASSERVIO technology as "Crawford's leading-edge estimate review technology that eliminates friction and ensures faster, more accurate property repair estimates."  Defendant further states that "Asservio provides estimators with critical insights to correct errors — saving insurers time and money."

32.     These parallels and similar language oriented towards efficient, accurate, and painless claims adjusting emphasizes the similarities between the parties' products and services.

33.     Like Enservio, Defendant markets its ASSERVIO services to insurance claims adjusters.

34.     Upon information and belief, Defendant markets its ASSERVIO products and

services through similar trade channels, such as at conferences, conventions, trade shows, online, and through a sales team.

35. Given that the parties' services are virtually identical, Crawford is a direct competitor of Enservio and markets to similar professionals through similar trade channels.

**Defendant's Wrongful Use of the ASSERVIO Mark**

36. Defendant is a competitor of Plaintiff's in the insurance industry.

37. Defendant first adopted its Infringing Mark to promote its products and services, in 2021, over fifteen years after Plaintiff first adopted its ENSERVIO Marks.

38. Upon information and belief, Defendant was aware of Plaintiff's distinctive ENSERVIO Marks when it adopted its Infringing Mark for similar products and services. Defendant's Infringing Marks are confusingly similar to Plaintiff's ENSERVIO Marks.

39. Defendant's ASSERVIO mark includes the exact same highly distinctive and arbitrary suffix "SERVIO" in the mark. Moreover, the initial syllable of each mark starts with a vowel that has a similar sound. Given these similarities and the shared distinctive suffix, Defendant's ASSERVIO mark is highly similar to Plaintiff's ENSERVIO Marks and has a confusingly similar sight, sound, and commercial impression.

40. Additionally, both Plaintiff's and Defendant's services offered are highly similar and in certain aspects, virtually identical. Both services assist insurance professionals in claims adjusting and use technology, coupled with human expertise, to do so.

41. Upon information and belief, Defendant's services are offered through similar channels of trade as Enservio's products and services and to the same or similar target consumers, including in this judicial district. Upon information and belief, Defendant has also been aware of Enservio's common law and registered rights in its ENSERVIO Marks for years.

9

In fact, despite having multiple trademark registrations for various software products it offers, Defendant has never sought registration of its ASSERVIO mark, presumably because it knew the USPTO would likely refuse registration of the ASSERVIO mark based on Enservio's prior, incontestable registrations for the ENSERVIO Marks.

42.     Taking all the facts alleged together, there is a likelihood of confusion as to source, affiliation, and sponsorship between the parties' respective marks and products and services.  Accordingly, Defendant's ASSERVIO mark infringes on Plaintiff's ENSERVIO Marks.

43.     Defendant's use of the Infringing Mark has therefore caused and will continue to cause confusion, mistake, or deception as to the origin, source, and sponsorship of Defendant's products and services.

44.     Defendant's conduct will continue unless restrained by the Court, and Enservio has and will suffer irreparable harm, including through loss of goodwill, reputation, market share, and revenue.

45.     Enservio has no adequate remedy at law for the irreparable harm that it is likely to suffer from loss of control of its ENSERVIO Marks' association with Defendant.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement – 15 U.S.C. § 1114

46.     Enservio repeats and realleges each allegation set forth in paragraphs 1 through 45 above as if fully set forth herein.

47.     The acts of Defendant described above constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

48.      Enservio has valid and protectable registered rights in the ENSERVIO Marks that

predate Defendant's use of the Infringing Mark.

49.     Upon information and belief, Defendant had actual knowledge of Enservio's ownership and use of the ENSERVIO Marks prior to Defendant's adoption of the Infringing Mark.

50.     Defendant's unauthorized use of the Infringing Mark as alleged above has caused and is likely to continue to cause confusion, mistake, or deception on the part of consumers as to the source, nature, and quality of the products and services that Defendant is offering under the Infringing Mark, constituting trademark infringement in violation of 15 U.S.C. § 1114.

51.     As a direct and proximate result of Defendant's wrongful conduct, Enservio has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by this Court, Enservio will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Enservio has no adequate remedy at law.

52.     Upon information and belief, Defendant has acted willfully to usurp Enservio's rights, and Defendant should be held liable to Enservio for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125(a)

53.     Enservio repeats and realleges each allegation set forth in paragraphs 1 through 52 above as if fully set forth herein.

54.     The acts of Defendant as described above constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Enservio has valid and protectable rights in the ENSERVIO Marks dating from its

first use in commerce of the mark, which was at least as early as October 2004. These rights predate Defendant's use of the Infringing Mark for highly similar, to virtually identical, services in the United States, which did not begin until 2021.

56.     Upon information and belief, Defendant had actual knowledge of Enservio's ownership and use of the ENSERVIO Marks prior to Defendant's adoption of the Infringing Mark.

57.     Defendant's unauthorized use of the Infringing Mark as alleged above has caused and is likely to continue to cause consumers to believe that there is a relationship between Defendant and Enservio or that Defendant's services are associated with or come from Enservio and such association constitutes false designation of origin, in violation of 15 U.S.C. § 1125(a).

58.     As a direct and proximate result of Defendant's wrongful conduct, Enservio has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, Enservio will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Enservio has no adequate remedy at law.

59.     Upon information and belief, Defendant has acted willfully to usurp Enservio's rights, and Defendant should be held liable to Enservio for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

<u>**THIRD CLAIM FOR RELIEF**</u>

**Unfair Competition – Mass. Gen. Laws c. 93A**

60.     Plaintiff incorporates the allegations set forth in Paragraphs 1 through 59 above as if fully set forth here.

61.     Defendant maintains and conducts business through an office located within this

12

judicial district, in Edham, Massachusetts. Upon information and belief, Defendant markets, offers, and sells its ASSERVIO products and services in this judicial district and targets consumers within this judicial district and throughout New England from its office located in this judicial district. Defendant's acts alleged above constitute infringement, misappropriation, and misuse of Plaintiff's ENSERVIO Marks, and constitute unfair competition, all in violation of Plaintiff's rights under Chapter 93A, §§ 1 and 11.

62.     For example, by making and selling in commerce products and services under the Infringing Mark, Defendant is creating a likelihood of confusion, mistake, or deception as to the source, origin, or sponsorship of their products and services. Defendant's use of the Infringing Mark in connection with Defendant's products and services is likely to induce consumers, including in the Commonwealth of Massachusetts, to believe mistakenly that Defendant's products and services are affiliated, sponsored, sold, or approved by, or connected with, Plaintiff—when that is not the case.

63.     Plaintiff and Defendant are in the conduct of trade or commerce within the meaning of Mass. Gen. Laws c. 93A.

64.     Defendant's conduct constitutes unfair and deceptive acts or practices in the course of business, trade, or commerce occurring primarily and substantially in the Commonwealth of Massachusetts in violation of Mass. Gen. Laws c. 93A.

65.     Defendant's unfair and deceptive acts constitute knowing and/or willful violations of Mass. Gen. Laws. c. 93A.

66.     Defendant's acts of unfair competition are causing Plaintiff to suffer irreparable harm, for which it has no adequate remedy at law. Unless and until Defendant is enjoined, Defendant will continue to compete unfairly against and cause irreparable harm to Plaintiff.

67.     As a direct and proximate result of the foregoing deceptive acts and practices of Defendant, Plaintiff is entitled to damages, treble damages, and recovery of its attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF

### Common Law Trademark Infringement

68.     Enservio repeats and realleges each allegation set forth in paragraphs 1 through 67 above as if fully set forth herein.

69.     The acts of Defendant as described above constitute trademark infringement under federal common law.

70.     Enservio has valid and protectable rights in its ENSERVIO trademarks, including in the Commonwealth of Massachusetts, dating from its first use in commerce, at least as early as October 2004.  These rights predate Defendant's use of the Infringing Mark in the United States and in the Commonwealth of Massachusetts, which did not begin until 2021.

71.     Upon information and belief, Defendant had actual knowledge of Enservio's ownership and senior use of Plaintiff's common law rights in its ENSERVIO Marks prior to the adoption of the Infringing Mark.

72.      Defendant's unauthorized use of the Infringing Mark as alleged above has caused and is likely to continue to cause consumers to believe that there is a relationship between Defendant and Enservio or that Defendant's products and services are associated with or come from Enservio, and such association constitutes common law trademark infringement.

73.     As a direct and proximate result of Defendant's wrongful conduct, Enservio has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by this Court, Enservio will suffer further harm to its name,

reputation, and goodwill.  This harm constitutes an injury for which Enservio has no adequate remedy at law.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Enservio hereby demands a trial by jury on all issues triable by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Enservio prays for the following relief:

A.      That judgment be entered in favor of Enservio and against Defendant on each and every Count of this Complaint, along with a finding that Defendant acted willfully and that this case qualifies as an exceptional case under 15 U.S.C. § 1117;

B.      For entry of an order and judgment requiring that Defendant and its officers, agents, servants, employees, owners, and representatives, and all other persons, firms, or corporations in active concert or participation with them, be enjoined during the pendency of this action and permanently thereafter from:  (a) using in any manner the Infringing Mark, any other ENSERVIO-formative trademarks, or any other mark or name that is confusingly similar to or a colorable imitation of the ENSERVIO Marks owned by Enservio; (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of the members of the public or prospective customers as to the source of the products offered or distributed by Defendant, or likely to confuse members of the public or prospective customers into believing that there is some connection between Enservio and Defendant or any other entity owned by or associated with Defendant; (c) otherwise competing unfairly with Enservio in any manner; or (d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in parts (a) through (c) of this paragraph B;

15

C.      For entry of an order and judgment directing Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Enservio within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and ceased all offering of products and services under the Infringing Mark, as set forth above;

D.      For entry of an order and judgment directing Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or to show proof of said destruction or sufficient modification to eliminate the infringing matter, all catalogs, articles, products, displays, labels, circulars, letterhead, business cards, promotional items, clothing, literature, or other matter in the possession, custody, or under the control of Defendant or its agents bearing the Infringing Mark, or any other mark that is confusingly similar to the ENSERVIO Marks;

E.      For a judgment in the aggregate amount of (a) Defendant's profits, (b) Enservio's actual damages, (c) the costs of this action pursuant to 15 U.S.C. § 1117, and (d) restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendant as a result of its unlawful and/or fraudulent business acts or practices;

F.      That the Court award enhanced damages under 15 U.S.C. § 1117;

G.      That the Court award Enservio its reasonable attorneys' fees; and

H.      That the Court grant such other and further relief as it deems just and proper.

/s/ Benjamin M. Stern

Benjamin M. Stern (BBO# 646778)
**NUTTER, MCCLENNEN & FISH, LLP**
Seaport West, 155 Seaport Blvd.
Boston, MA 02210
Telephone:  (617) 439-2000
Facsimile:  (617) 310-9000
Email:  bstern@nutter.com

Vijay K. Toke (*pro hac vice* forthcoming)
**PRANGER LAW PC**
88 Guy Place, Suite 405 San
Francisco, CA 94105
Telephone:  (415) 885-9800
Facsimile:  (415) 944-1110
Email:  vtoke@prangerlaw.com

*Counsel for Plaintiff Enservio, LLC*

Dated:  November 22, 2024

6961697